The order below is hereby signed.

Signed: September 9 2020



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

```
               UNITED STATES BANKRUPTCY COURT
                 FOR THE DISTRICT OF COLUMBIA

In re                           )
                                )
MAE LIZA STROWBRIDGE,           )    Case No. 19-00388
                                )    (Chapter 13)
              Debtor.           )    Not for publication in
                                )    West's Bankruptcy Reporter.
```

MEMORANDUM DECISION AND ORDER
RE DEBTOR'S OBJECTION TO CLAIM AND
CREDITOR'S MOTION TO ALLOW A LATE PROOF OF CLAIM NUNC PRO TUNC

The bar date for non-governmental entities to file proofs of claims in this case was August 26, 2019. Propel Financial 1, LLC ("Propel") filed its proof of claim on September 30, 2019, asserting a secured claim on the basis that it had bought a tax certificate relating to a real estate tax lien on a property, located in Broward County, Florida, in which the debtor has an interest.

The debtor has filed an objection (Dkt. No. 46) to Propel's claim as untimely and also on the basis that the claim is not a secured claim. It is not clear whether, if the claim is not secured, the claim would be an unsecured claim (*i.e.*, whether the

debtor is personally liable for the debt).[1]

I

THE ISSUE OF TIMELINESS

Propel has opposed the objection to its claim and filed a *Motion to Allow a Late Proof of Claim Nunc Pro Tunc* (Dkt. No. 51). Propel asserts that it was not given notice of this case; that it did not learn of the case until Broward County, due to the debtor's pending bankruptcy case, canceled a tax deed sale (being pursued by Propel) that had been scheduled for September, 2019; and that it promptly thereafter filed its proof of claim. By reason of Fed. R. Bankr. P. 9006(b)(3), the claim can be allowed despite being late-filed only if Rule 3002(c)(6)(A) applies.

The courts are divided on how to interpret Rule 3002(c)(6)(A). The debtor timely filed a list of creditors, and under a narrow view of Rule 3002(c)(6)(A), it would not apply here. But some courts take a broader view of Rule 3002(c)(6)(A)

---

[1] In the debtor's prior bankruptcy case in this court, Case No. 11-00701, she scheduled the real property, located in Florida, as a one-quarter interest in the property that was inherited by the debtor. The debtor's schedules in this case list her interest in the property as equaling one-half of the value of the entire property. If the tax liens attached prior to the debtor's inheriting her interest in the property, there would not appear to be a basis to hold the debtor personally liable for the real estate taxes. If she herself incurred the real estate tax liabilities, neither party has briefed whether, under Florida law, that makes her personally liable for the real estate tax liabilities.

and hold that an unlisted creditor can fit within Rule 3002(c)(6)(A) even if the debtor timely filed the list of creditors. *See In re Dillon*, No. 16-01682-KMS, 2020 WL 4004886, at *5 (Bankr. S.D. Miss. July 14, 2020) (listing decisions). On the papers, I cannot ascertain whether Propel had sufficient time to file a timely claim after learning of the bankruptcy case (such that Rule 3002(c)(6)(A) would not apply even under the broader reading of the rule), and, accordingly, it is unnecessary at this juncture to decide which way to interpret Rule 3002(c)(6)(A). Moreover, the parties have not briefed the issue. I will thus set a hearing on the objection to Propel's claim and on Propel's *Motion*.

II

THE OBJECTION THAT THE CLAIM IS NOT SECURED

If Propel's proof of claim is treated as timely filed, the debtor's objection that the claim is not secured likely has no merit. The debtor objects that Propel did not timely apply for a tax deed, and that its tax lien certificate has expired, citing Fla. Stat § 197.482 ("Expiration of tax certificate"), which provides:

> Seven years after the date of issuance of a tax certificate, which is the date of the first day of the tax certificate sale as advertised under s. 197.432, if a tax deed has not been applied for, and no other administrative or legal proceeding, including a bankruptcy, has existed of record, the tax certificate is null and void and shall be canceled. The tax collector shall note the date of the cancellation upon all

>   appropriate records in his or her office.  This section
>   does not apply to deferred payment tax certificates.

However, the debtor does not explain how Propel could have been proceeding with a tax deed sale under Fla. Stat. § 197.542 if it had not already applied for a tax deed.  Nor does the debtor point to any filing by the tax collector under § 197.482 noting a date of cancellation of the tax certificate.

Moreover, the debtor does not take into account any possible tolling effect of the debtor's prior bankruptcy case on the running of the seven-year period under § 197.482.  *See Northcutt v. Balkany*, 727 So. 2d 382 (Fla. 5th DCA 1999).  Propel's proof of claim attaches a *Tax Lien Payoff Quote* suggesting that Propel purchased the tax certificate on May 1, 2010.  The debtor's Case No. 11-00701 was pending for twelve days shy of six years before she received a discharge, which would likely result in the seven-year period, by reason of the tolling effect of the debtor's prior bankruptcy case, not having expired if the certificate was purchased on May 1, 2010.

III

THE DEBTOR MAY WISH TO WITHDRAW
HER OBJECTION THAT THE CLAIM IS UNTIMELY

For various reasons, it may be in the debtor's best interest to withdraw any objection that Propel's proof of claim is untimely.

First, if I were to disallow the claim as untimely under the

narrower reading of Rule 3002(c)(6)(A), the claim (if it is a claim for which the debtor is personally liable) would not be discharged if Propel did not have notice of the case in time to file a timely proof of claim. *See In re Latimer*, No. 07-00652, 2008 WL 5102868, at *1 (Bankr. D.D.C. Oct. 6, 2008). Further, Propel could seek relief from the automatic stay, to the extent necessary to treat Propel fairly in comparison to other unsecured creditors who were given proper notice of the case, so that it could proceed with collection. *See In re Houston*, No. 07-00113, 2008 WL 104076, at *1 (Bankr. D.D.C. Jan. 4, 2008). For those reasons, at least as to any possibility of personal liability, the debtor may prefer not to have the proof of claim disallowed as untimely.

Proofs of claim are allowed claims unless objected to. If the debtor were to withdraw the part of the debtor's objection asserting that the claim is untimely, and no one else objects to the claim as untimely, then the claim would be an allowed claim except that the debtor's objection that the claim is not a secured claim would remain pending, an objection that the court could then adjudicate. Propel obviously has no objection to the debtor's withdrawing the objection regarding untimeliness, and its *Motion to Allow a Late Proof of Claim Nunc Pro Tunc* would be dismissed as moot unless and until some other entity objected to

5

the claim as untimely.[2]

Second, if the objection regarding untimeliness is withdrawn and the court rules against the debtor on the objection that the claim is not secured, the debtor could amend the debtor's plan to provide that the secured claim (if upheld as a secured claim) will be paid over time with interest after the effective date of the plan to assure that Propel receives the present value of its claim as of the effective date. That may be preferable to not treating Propel's secured claim under the plan, with the possibility that Propel could obtain relief from the automatic stay to pursue enforcement of its tax certificate.[3]

A side issue in this regard is who is entitled to assert the tax liens at issue and who should receive payments on the proof of claim. Broward County has not filed a proof of claim for the tax liens at issue.[4] The parties have not addressed whether it is Broward County, not Propel, that still holds the tax liens against the property, and whether Propel can nevertheless effectively stand in Broward County's shoes and assert the tax

---

[2] If some other entity objected to the claim as untimely, the debtor could file a motion under Fed. R. Bankr. P. 9006(b)(1) for an enlargement of the debtor's time under Fed. R. Bankr. P. 3004 to file a proof of claim on behalf of Propel.

[3] Of course, the debtor would be free to *not* treat Propel's claim (and the underlying tax liens) under a Chapter 13 plan, and let the property eventually be sold pursuant to Florida law regarding enforcement of tax liens.

[4] Broward County *has* filed a proof of claim for 2019 real estate taxes, but not for the tax liens at issue.

liens by virtue of having purchased a certificate of tax liens.[5]

A related question is whether any payments under the plan by reason of Propel's proof of claim ought to be paid to Broward County instead of Propel. That depends on what the Florida statutes provide regarding how a property owner redeems a property from a tax lien certificate sale. See Fla. Stat. § 197.472(1) ("The person redeeming a tax certificate shall pay the tax collector the face amount plus all interest, costs, and charges."). It is after a full redemption occurs that the holder of the tax certificate receives payment from the tax collector. See Fla. Stat. § 197.472(5). Accordingly, Propel may wish to amend its proof of claim to indicate that payments should be sent to the tax collector of Broward County.

Third, even if Propel's claim is disallowed as untimely, Propel will remain free to pursue enforcement of its asserted secured claim (subject to the restrictions of the automatic stay of 11 U.S.C. § 362(a) and subject to the debtor's right to attempt to show that the claim is not secured).

IV

CONCLUSION

It is thus

---

[5] Of course, the debtor might seek an enlargement of the debtor's time to file a proof of claim on Broward County's behalf if it would be necessary for Broward County (instead of Propel) to have a proof of claim on file in order for the tax liens at issue to be paid under the debtor's plan.

ORDERED that these matters (the *Motion to Allow a Late Proof of Claim Nunc Pro Tunc* (Dkt. No. 51) and the debtor's objection (Dkt. No. 46) to Propel's claim) are set for a scheduling conference on September 17, 2020, at 10:30 a.m.  It is further

ORDERED that in the meantime, the debtor may wish to give consideration to withdrawing the objection that Propel's proof of claim was untimely (but not the objection that Propel's claim is not a secured claim if the debtor still believes the claim is not secured despite any possible tolling effect of the debtor's prior bankruptcy case discussed in part II, above).  It is further

ORDERED that Propel give consideration to amending its proof of claim regarding the entity to whom payments under the plan on account of the claim would be sent.

                                                       [Signed and dated above.]

Copies to: Recipients of e-notifications; Debtor.